IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID F. LONEY,**

    **Plaintiff,**

  v.                                       **Case No. 2:10-CV-633**
                                        **Judge Smith**
                                        **Magistrate Judge King**

**MICHAEL J. ASTRUE, Commissioner
of Social Security,**

    **Defendant.**

<u>ORDER</u>

David F. Loney[1] filed this action seeking review of the Commissioner's denial of his application for disability insurance benefits. On August 18, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be reversed and that this action be remanded for further proceedings. *Report and Recommendation*, Doc. No. 20. This matter is now before the Court on the Commissioner's objections to that recommendation, *Objection*, Doc. No. 21. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Plaintiff's insured status for purposes of disability insurance benefits lapsed in December 2004. At issue in the action is the effect of plaintiff's documented depressive disorder and anxiety disorder prior to that date. The administrative record reflects treatment records of plaintiff's treating psychiatrist, Charles

---

[1] Mr. Loney died after initiating the action. *See* Doc. No. 18.

Flanagan, D.O., who opined in October 2004 that plaintiff would not react well to the pressures involved in simple and routine or repetitive tasks. A.R. 154.  Dr. Flanagan stated in October 2006 that plaintiff would not do well in a work environment and that "it would be contraindicated for [plaintiff] to be in the workplace."  A.R. 137.  Plaintiff's treating counselor, Roberta Roesch, L.S.W., opined in September 2004 that plaintiff was "unable to work," had poor stress tolerance and needed frequent rest periods because of his depressive symptoms.  A.R. 156-57.  In October 2004, a state agency psychologist, Kristen E. Haskins, Psy.D., reviewed the record and concluded that plaintiff could perform simple, routine tasks that did not involve extensive interaction with the public or constant changes in the workplace.  A.R. 114.

The administrative law judge found that plaintiff had the residual functional capacity to perform a significant number of jobs and was therefore not disabled.  In making this finding, the administrative law judge relied on the opinion of the state agency psychologist and rejected the opinion of disability articulated by plaintiff's treating counselor.

In recommending that the matter be remanded for further consideration, the Magistrate Judge reasoned:

> In this case, it is unclear what weight, if any, the administrative law judge gave to Dr. Flanagan's opinions.  Although the administrative law judge made passing reference to Dr. Flanagan's 2006 report, see *A.R.*, 17, he made no express mention of that assessment in his discussion of Plaintiff's residual functional capacity.  At other points in the record, moreover, the administrative law judge seems to have overlooked entirely Dr. Flanagan's opinion that, for Plaintiff, work was

> "contraindicated": "Only a social worker has remotely referenced that [Plaintiff] might have some difficulty working." *A.R.* 20. It simply cannot be said that the administrative law judge gave good reasons for discounting Dr. Flanagan's assessment of Plaintiff's ability to engage in work-related activities. *See* [*Rogers v. Commissioner of Social Security*, 486 F.3d 234, 242 (6th Cir. 2007)].

*Report and Recommendation,* p. 9.

In the *Objection,* the Commissioner acknowledges that the administrative law judge erred in failing to expressly consider Dr. Flanagan's 2006 opinion, but contends that the error was harmless.

If the opinion of a treating physician is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record, that opinion must be accorded controlling weight by the administrative law judge. *Rogers,* at 242; 20 C.F.R. §§ 404.1527(d)(2). Where the administrative law judge declines to accord controlling weight to the opinion of a treating physician, the administrative law judge "must still determine how much weight is appropriate. . . ." *Blakley v. Commissioner of Social Security,* 581 F.3d 399, 406 (6th Cir. 2009). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating physician, *i.e.,* reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers*, at 242, citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5. Failure to satisfy this obligation will ordinarily result in reversal of the administrative decision.

However, the United States Court of Appeals for the Sixth Circuit recognized that reversal may not be required if the failure to give good reasons for rejecting the opinion of a treating source has been only *de minimis*, or harmless error. *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 547 (6th Cir. 2004). The Court cautioned, however, that the inquiry cannot mean merely that the plaintiff "'had little chance of success on the merits anyway.'" *Id.,* at 546 (quoting *Mazaleski v. Trubell,* 562 F.2d 701, 719 n.31 (D.C. Cir. 1977). Rather, the Sixth Circuit recognized three categories of cases in which the failure to strictly follow the requirements of the regulation may not warrant reversal: (1) "If a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it"; (2) "If the Commissioner adopts the opinion of the treating source and its findings consistent with the opinion"; or (3) "Where the Commissioner has met the goal of §404.1527(d)(2) -- the provision of the procedural safeguard of reasons -- even though she has not complied with  the [express] terms of the regulation." *Id.*, at 547.

In the *Objection*, the Commissioner contends that the administrative law judge's failure in this case was harmless because Dr. Flanagan's 2006 opinion was patently deficient and because the Commissioner's decision was consistent with Dr. Flanagan's assessment of plaintiff's ability to engage in work-related activities. This Court disagrees.

It is true that Dr. Flanagan's opinion that plaintiff would not do well in a work environment and that "it would be contraindicated

4

for [plaintiff] to be in the workplace," A.R. 137, was rendered after the lapse of plaintiff's insured status.  However, that opinion must be viewed in conjunction with Dr. Flanagan's statement – made prior to the lapse of plaintiff's insured status – that plaintiff would not react well to the pressures involved in simple and routine or repetitive tasks. A.R. 154. Although the Commissioner argues that Dr. Flanagan's earlier assessment was consistent with that of Dr. Haskins and therefore supported the findings of the administrative law judge, this Court concludes that Dr. Flanagan's assessments, fairly read, could support a conclusion of disability.  Under these circumstances, it cannot be said that the administrative law judge's failure to expressly consider those assessments amounted to mere harmless error.

In short, the Court concludes that the Commissioner's *Objection* to the *Report and Recommendation*, Doc. No. 21, is without merit.  The *Report and Recommendation*, doc. No. 20, is **ADOPTED and AFFIRMED**.  The decision of the Commissioner is **REVERSED**.  This action is hereby **REMANDED** to the Commissioner of Social Security for further proceedings.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

      *s/George C. Smith*
      **George C. Smith, Judge**
      **United States District Court**